**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RONALD RENE BUSTAMANTE,<br><br>              Plaintiff,<br><br>    v.<br><br>GEOFF DEAN et al.,<br><br>              Defendants. | Case No. CV 18-2543-FMO (JPR)<br><br>ORDER DISMISSING COMPLAINT FOR FAILURE TO PROSECUTE |

On March 29, 2018, Plaintiff, a state inmate proceeding pro se, filed a civil-rights action under 42 U.S.C. § 1983. He was subsequently granted leave to proceed in forma pauperis. On April 16, 2018, he sought to amend the Complaint to include information about a previous, unrelated federal lawsuit that was dismissed "four or five years ago." On May 14, 2018, he filed a notice of change of address, which informed the Court that he had been released from prison and was living in Oxnard. On June 7, 2018, the Court granted the motion to amend and ordered Plaintiff to file a first amended complaint within 28 days if he wished to pursue his claims.

To date, Plaintiff has not filed an amended complaint,

1

requested an extension of time to do so, or otherwise responded to the dismissal order in any way. The dismissal order was sent to his address of record and was not returned as undeliverable.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts."). A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted). Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff. See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal. In particular, Plaintiff has offered no explanation for his failure to file an amended complaint. Thus, he has not rebutted the presumption of prejudice to Defendants. No less drastic sanction is available, as the Complaint fails to state a claim and should not be ordered served; as a result, the Court is unable to manage its docket. Although the fourth Carey factor weighs against dismissal — as it always does — together the other factors outweigh the public's

interest in disposing of the case on its merits. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261-62 (9th Cir. 1992) (as amended) (upholding dismissal of pro se civil-rights action for failure to timely file amended complaint remedying deficiencies in caption); <u>Baskett v. Quinn</u>, 225 F. App'x 639, 640 (9th Cir. 2007) (upholding dismissal of pro se civil-rights action for failure to state claim or timely file amended complaint).

**ORDER**

Accordingly, this action is dismissed for failure to prosecute and for the reasons stated in the Magistrate Judge's June 7, 2018 order.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: <u>August 23, 2018</u>          /s/
                                     FERNANDO M. OLGUIN
                                     U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge